**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01062-REB-MJW

PITTSBURGH STANDARD SPINE CO.,

     Plaintiff,

v.

LANX, Inc., as successor to Lanx, LLC,

     Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS
AND MOTION FOR SUMMARY JUDGMENT**

---

**Blackburn, J.**

     This matter is before me on (1) **Defendant Lanx's Motion To Dismiss
Pittsburgh's Third and fifth Claims for Relief** [#40][1] filed December 21, 2009; and (2)
the defendant's **Motion for Partial Summary Judgment** [#57] filed March 15, 2010.
The plaintiff filed responses [#49, #50, #71] and the plaintiff filed replies [#51, #81].  I
deny both motions.[2]

## I.  JURISDICTION

     I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity).

---

[1]  "[#40]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

[2]  The issues raised by and inherent to the motion for partial summary judgment are fully briefed,
obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the
papers. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th
Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of
documents submitted by parties).

## II. STANDARDS OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003). I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[3] Nevertheless, the standard remains a liberal

---

[3] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect

one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A movant who bears the burden of proof at trial must submit evidence to establish every essential element of its claim. *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002). Once the motion has been supported properly, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995). All the evidence must

---

of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

## III. ANALYSIS

I have reviewed the arguments advanced, authorities cited, and evidence cited by the parties, as well as the applicable law. I conclude that the plaintiff's allegations are sufficient to state arguable claims for equitable estoppel and negligent misrepresentation, as alleged in the plaintiff's Amended Complaint [#33]. I conclude also that there are genuine issues of material fact that are not appropriate for summary resolution.

## iV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Lanx's Motion To Dismiss Pittsburgh's Third and fifth Claims for Relief** [#40] filed December 21, 2009, is **DENIED**; and

2. That the defendant's **Motion for Partial Summary Judgment** [#57] filed March 15, 2010, is **DENIED**.

Dated June 28, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge